OPINION

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \*

QUESTIONS PROPOUNDED BY THE SENATE IN AN ORDER
DATED MAY 14, 1963
ANSWERED MAY 23, 1963

SENATE ORDER PROPOUNDING QUESTIONS

STATE OF MAINE

In Senate
May 14, 1963

WHEREAS, on January 8, 1963, certain petitions were presented to the Secretary of State under the provisions of Article IV, Part 3, Section 18 of the Constitution of the State, to initiate an Act to Authorize the Construction of a

Causeway Connecting Cousins Island with Littlejohns Island and a bridge and causeway connecting Littlejohns with Chebeague Island at an estimated cost of $3,000,000. A true copy of said petition is attached hereto, marked Exhibit A, and incorporated herein; and

WHEREAS, after due consideration of said petitions and the signatures thereon the Committee on Judiciary reported that there were 34,183 valid signatures on said petitions and that a total of 29,273 valid signatures were required under the provisions of the Constitution, and, therefore, there were a sufficient number of valid signatures and that the proposed Act be submitted to the electors of the State at the next regular or special election; and

WHEREAS, both branches of the 101st Legislature have accepted the report of said Committee and the Secretary of State has been instructed as aforesaid; and

WHEREAS, doubts now exist and questions have arisen as to the propriety of the Legislature's accepting the petitions which contain the initiation of a bond issue as proposed in said petitions and doubt now exists and questions have arisen as to the constitutionality of the initiation of a bond issue as proposed; and

WHEREAS, it appears to the Senate of the 101st Legislature that the following are important questions of law and that the occasion is a solemn one, be it therefore

ORDERED, that in accordance with the provisions of the Constitution of the State that the Justices of the Supreme Judicial Court are hereby respectfully requested to give the Senate their opinion on the following questions:

1. Is Article IX, Section 14, of the Constitution of Maine an exclusive method of issuing bonds?

2. Is it constitutional to initiate a bond issue under the provisions of Article IV, Part 3, Section 18 of the Constitution of Maine?

(Cole)
Name:    (signed) William R. Cole

County:   Waldo

In Senate Chamber                    A true copy.
      May 14, 1963         Attest:
READ AND PASSED            Chester T. Winslow
    Chester T. Winslow          Secretary of the Senate
            Secretary

## EXHIBIT A

## STATE OF MAINE

To the Legislature of the State of Maine:

In accordance with Section 18 of Article IV, Part 3rd of the Constitution, the undersigned electors of the State of Maine qualified to vote for Governor, residing in the Town of XXXXX In said state, whose names appear on the voting list of said TOWN as qualified to vote for Governor, hereby respectfully propose to the Legislature for its consideration the following entitled bill:

**"AN ACT to Authorize the Construction of a Causeway Connecting Cousins Island with Littlejohns Island, and a Bridge and Causeway Connecting Littlejohns with Chebeague Island.**

**Preamble.** Two-thirds of both houses of the Legislature deeming it necessary in accordance with Section 14 of Article IX of the Constitution.

Be it enacted by the People of the State of Maine, as follows:

**Sec. 1. State Highway Commission authorized to construct a causeway and bridge.** The State Highway Commission is authorized to construct a causeway from Cousins to Littlejohns Island and a bridge and causeway from Littlejohns to Chebeague Island, in the Towns of Cumberland and Yarmouth, in the County of Cumberland, with necessary highway approaches thereto, at an estimated cost of $3,000,000. The cost of said bridge, with the highway approaches thereto, shall be taken and appropriated from the proceeds of bonds issued under authority of this act.

**Sec. 2. Toll bridge.** . . . . .

**Sec. 3. Treasurer of State to issue bonds.** . . . . .

**Sec. 4. Records of bonds issued to be kept by State Auditor and Treasurer.** . . . . .

**Sec. 5. Sale, how negotiated; proceeds appropriated.** . . . . .

**Sec. 6. Proceeds of bonds not available for other purposes; must be kept from other funds.** . . . . .

**Sec. 7. Interest and debt retirement.** . . . . .

**Sec. 8. Disbursement of bond proceeds.** . . . . .

**Sec. 9. Contingent upon ratification of bond issue.** No action shall be taken or liability incurred under this act unless and until the people of Maine shall have ratified the issuance of bonds in behalf of the State at such time and in such amounts as set forth in this act for the purpose of building a toll bridge from Chebeague to Littlejohns Island and causeway from Littlejohns to Cousins Island in the Towns of Cumberland and Yarmouth.

**Referendum for ratification.** The aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives, at the next general or special state-wide election, to give in their votes upon the acceptance or rejection of the foregoing act, and the question shall be: "Shall a bond issue be ratified in an amount not to exceed $3,000,000 as set forth in 'An Act to Authorize the Construction of a Causeway Connecting Cousins Island with Littlejohns Island, and a Bridge and Causeway Connecting Littlejohns with Chebeague Island?'"

The inhabitants of said cities, towns and plantations shall indicate by a cross or check mark placed within a square upon their ballots their opinion of the same, those in favor of ratification voting "Yes" and those opposed to said ratification voting "No" and the ballots shall be received, sorted, counted and declared in open ward, town and plantation meetings, and return made to the office of the Secretary of State in the same manner as votes for Governor and Members of the Legislature, and the Governor and Council shall count the same and if it appears that a majority of the inhabitants voting on the question are in favor of the act, the Governor shall forthwith make known the fact by his proclamation, and the act shall become effective in 30 days after the date of said proclamation.

**Secretary of State shall prepare ballots.** The Secretary of State shall prepare and furnish to the several cities, towns and plantations ballots and blank returns in conformity with the foregoing act, accompanied by a copy thereof."

There follow "INSTRUCTIONS REGARDING INITIATIVE AND REFERENDUM PETITIONS COMPILED

BY THE SECRETARY OF STATE IN ACCORDANCE WITH SECTION 166 OF CHAPTER 3-A OF THE REVISED STATUTES," place for signatures, and clerk's certificate, and verifying petitioner's certificate.

## ANSWERS OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on May 14, 1963.

QUESTION (1): Is Article IX, Section 14, of the Constitution of Maine an exclusive method of issuing bonds?

ANSWER: We answer in the affirmative on the assumption that the question is intended only to relate to bonds to be issued under that part of Art. IX, Sec. 14, reading: ". . . and excepting also that whenever two-thirds of both houses shall deem it necessary, by proper enactment ratified by a majority of the electors voting thereon at a general or special election, the legislature may authorize the issuance of bonds on behalf of the state at such times and in such amounts and for such purposes as approved by such action; . . . "

In so saying, we direct attention to the fact that bonds may be issued in aid of industrial development as provided by Art. IX, Sec. 14-A of the Constitution of Maine, or by further amendment to the Constitution pursuant to the authority of Art. X, Sec. 4 thereof.

QUESTION (2): Is it constitutional to initiate a bond issue under the provisions of Article IV, Part 3, Section 18 of the Constitution of Maine?

ANSWER: We answer in the negative.

In so saying we assume that by its use of the word "initiate" in the question, the Senate contemplates an effectuation of a bond issue by a proposal of a bill therefor by the electors to the Legislature for its consideration, followed by an automatic submission to referendum in event the proposal fails of enactment without change, all as provided by Art. IV, Part Third, Section 18 of the Constitution of Maine. Art. IX, Section 14 of the Constitution effectively intervenes to prevent the submission to referendum of a proposal of a bill for the issuance of bonds of the nature described in our Answer to Question (1) until "two-thirds of both houses shall deem it necessary" and until there shall have been "proper enactment." Art. IX, Section 14 is as binding upon the people as upon the Legislature.

Dated at Augusta, Maine, this 23rd day of May, 1963.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY
FRANCIS W. SULLIVAN
CECIL J. SIDDALL
HAROLD C. MARDEN